Judge Brooke.
In this case, two points are insisted’on by the counsel for the appellant: 1st. That all the parties *150 are not Before the court; and, 2d. That the testimony of Elizabeth Ellis ought not to have been received by the commissioners. On the first point, I think there is no difficulty : the rule is, that all persons concerned in the demand, or who may be' affected by the relief prayed, ought to be parties, if within the jurisdiction of the court :(a) the legatees °f the residuary estate are all concerned in the demancj and may be affected by the extent of the relief 7 _ _ J J granted in' this case : depending on the residuary estate for the amount of their legacies, they are all materially concerned in the administration of that fund, and will all be, moré or less, affected by the quantum which may be accorded by the court to the appellee: as, for example, if there has been a mala fide valuation of the property, or an irregular sale of it, so as to lessen its real value to the legatees, they would all be affected by the decree. In the case in 1 Fesey, jun.(b) relied on by the counsel for' appellee, Lord Thurloxv decided under the idea that the legacy was a specific legacy, but reserved that point for consideration. The position, that the legacy, in the , case under consideration, became a specific legacy, by the valuation and sale of the property, according to the directions of the will, for the payment of-the money legacies, begs the question ! It is predicated on the position that the valuation and sale were perfectly correct; a; position that all the parties interested ought to have an opportunity of questioning, and, of consequence, ought to be in court for that purpose.
^ On the second point, I am of opinion that the testimony of Elizabeth Ellis was improperly admitted by the commissioner: when asked the question, she professed herself to be interested in the decision of the suit. The policy of the rule of law on this point is, to exclude persons who have a strong bias on their minds from being placed in a situation where their interest may induce *151 them to depart from the truth ; J Peake, 144. The case of Fotheringham v. Greenwood,(a) there cited, was a stronger case than the present: in that case the witness felt himself under an honorary .engagement to malte good a loss, and was held incompetent. I am of opinion the decree must be reversed, and the cause sent back; that proper parties may be made.(1)
Judges Roane and Fleming assented.
The decree was therefore reversed, and the cause sent back for all the legatees to be made parties, and direction was given that, on the hearing of the cause, the deposition of Elizabeth Ellis be not read in evidence j ühe being an interested witness.

 Mitford's Pleadings, p. 39. and the cases there reffered to.

 Wainwright v. Waterman, 311. 314.

 1 Strango 129.

 £»fote. According to the authorities cited in argument, the distinction-as to parties, seems to he that a specific legatee may sue the executor with, out makingthe other legatees parties; because, as Wickham observed, it is presumed that the executor has assets to pay legacies, unless he make the objection that he has not: hut, in a suit by a residuary legatee, all the co-legatees must be parties; to make an end of the subject, and prevent multiplicity of suits. See 3 Bro. 365. Parsons v. Nevil. Ibid. 229. Sherrett v. Birch. Wyatt's Prac. Reg. 392, 2 Ch. Cases, 121. 1 Ves. jun. 311, 315. Coop. Eq. p. 39.